64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philip CHRISTIAN, Defendant-Appellant.
 No. 95-3039.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1995.
 
 Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.
 WELLFORD, Circuit Judge.
 
 
 1
 Philip Christian appeals the revocation of his supervised release that stems from his 1989 federal conviction for cocaine trafficking. While on supervised release, Christian committed numerous parole violations, including missing mandatory monthly meetings with his parole officer and misdemeanor convictions for passing bad checks, giving false information when a police officer asked for identification, and domestic violation charges. He also was convicted on state cocaine trafficking charges. It was this latter felony drug conviction for which his supervised release was revoked.
 
 
 2
 Christian argues that his parole officer should have reported the earlier misdemeanor violations, as it would have allowed the court to intervene earlier and perhaps would have prevented his later felony offense. He claims that the court would, in such a situation, have had more discretion in determining his punishment, and that it was likely he would have received a lesser punishment than the twelve months incarceration he received for violating his release because of the subsequent drug conviction.
 
 
 3
 At a hearing before the district court, Christian's attorney questioned Camile Anderson, the federal probation officer responsible for supervising Christian's release. She conceded that she had access to the state court computer files, and that she knew of Christian's misdemeanor violations before he committed the state drug trafficking offense. She testified, however, that she did not report Christian for the misdemeanor charges because she had been unable to reach him, and that she normally seeks to "locate a person that I have under supervision before bringing any charges against them on a violation."
 
 
 4
 The district court judge dismissed Christian's arguments as "nonsense." He remarked that "[t]he Probation Department is not on trial, and I really don't care to hear about the shortcomings of it. The Probation Department does an extremely fine job. Are they perfect? I doubt it. But it doesn't really involve this particular case, nor is it going to affect my determination." Accordingly, the district court judge revoked Christian's supervised release, and imposed twelve months additional incarceration for the violation of the supervised release.
 
 
 5
 At most, the probation officer may have been negligent in not pursuing Christian for his earlier failures to adhere to his conditions of probation. She may also have been too lenient and willing to give the probationer another chance.
 
 
 6
 For the first time on appeal, Christian couches the parole officer's failure to report his parole violations earlier as a violation of his constitutional rights of due process and equal protection. Although Christian's attorney complained that the parole officer delayed reporting Christian's less serious violations, he did not explain to the district court how this delay amounted to a constitutional violation. We consider arguments not raised or fully developed before the district court to be waived, and accordingly, dismiss the appeal. United States v. Nagi, 947 F.2d 211 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992).
 
 
 7
 Had we addressed the merits, however, we believe the district judge properly summarized the merits of this argument when he remarked: "I don't care whether Ms. Anderson could have done something. I don't care if ten thousand people could have done something. What he did was to go right back and traffic in narcotics, and the answer very simply is he didn't learn his lesson. The rest of this is really just totally and completely immaterial."[1] In any event, there was no violation of a constitutional right.
 
 
 8
 Accordingly, the district court's decision to revoke Christian's supervised release is AFFIRMED.
 
 
 
 [1]
 Interestingly, Christian's attorney on appeal asks this court to grant another hearing to ascertain whether the probation officer acted with an "evil heart" in delaying to report Christian's violations. Even if this information was relevant, he had ample opportunity to present evidence at the probation hearing below